[No. 1450.]

TRUMBULL, RECEIVER OF THE U. P., D. & G. RY. CO. v. COULSON & CO.

COMMON CARRIERS—LIABILITY OF CONNECTING LINES.

In the absence of any evidence of an association or partnership between connecting railroads, or of authority on the part of the company making the contract to bind the connecting company, a railroad company receiving and transporting freight from another company is not liable for damages to goods caused by the negligence of the contracting company before they were delivered to the connecting line, although the shipment was made under a through contract of affreightment.

*Appeal from the District Court of Pueblo County.*

Mr. HENRY W. HOBSON, for appellant.

Mr. J. G. MCMURRAY, of counsel.

Mr. L. A. CRANE, for appellees.

BISSELL, J.

It is wholly unnecessary in the present condition of this record to consider in most of its aspects the general question on which appellant's counsel places so much stress in his argument and which he requests us to decide. This question is the right of the shipper to hold any one of the carriers responsible where several or more railroads operate as connecting lines. Its determination might possibly be useful to the common carriers of the state, but since it is in our judgment in no complete way either presented or involved we must decline to decide it. In October, 1894, Caron & Company of New Orleans shipped to Coulson & Company, the appellees, a car of fruit consisting partly of bananas which are perishable. The consignment was delivered to the Texas

& Pacific Railway Company at New Orleans who undertook to ship the freight which was a carload lot to Coulson & Company at Pueblo and issued their bill of lading fixing the price of carriage at the through rate. On the receipt of the goods the Texas & Pacific Railway Company loaded them and they were transported to Fort Worth where the car was turned over to the Fort Worth road, hauled to Texline and there delivered to the Denver & Gulf Railroad, and by them hauled to Trinidad, there opened by consignees, part of the shipment taken out by their branch house and the balance immediately reshipped to Pueblo where the consignees received it. After the goods were originally packed they were repacked by the Texas & Pacific Railway Company, and in the transfer from one car to the other, the bananas were improperly packed. Being perishable fruit the bunches ought to be packed on end and carefully placed in the car. Laid on their sides and packed like cord wood, if ripe, they immediately rot and decay and are very much damaged. Such seems to have been the condition in this case. Either the Texas & Pacific Railway improperly packed them in the first instance, or when they transferred them at Marshall they were improperly placed in the car. At any rate, when the goods arrived in Pueblo they were in a damaged condition and the consignees suffered damage to the extent of about $150, for which they bring this suit against the Denver & Gulf Railway Company. The appellees, of course, insist that the carrier is liable for all losses occasioned by negligence, and that the common-law liability cannot be divested by the conditions and provisions contained in the general bill of lading where there is no specific contract between the parties. This is a correct statement of the law speaking generally, but the present case is not one which permits of its application. The consignees base their suit on the theory that wherever a shipment is made by a through contract of affreightment, any one of the carriers is liable for a loss occasioned by its breach. The trouble lies in the application of the doctrine in the present case. We do not intend to decide what the law is nor

whether we should follow the supreme court of the United States on the question, or some of the state authorities which hold a different doctrine. The record makes out no such case. The complaint is radically defective in its statement of a contract of the sort which would make it obligatory on the Denver & Gulf road. While the complaint was demurred to, the defendants filed an answer, which of course, except as it attacked the statement of the cause of action, waived the demurrer. We prefer to put the decision partly on that basis and partly on what was shown by the proofs. The plaintiff alleged the shipment, and that the Denver & Gulf Railroad was one of the connecting carriers between the city of New Orleans and Pueblo. Other than this very general allegation which in no manner charged that there was any contract between the railroads in respect to the matter, there is no averment of any agreement between the various connecting lines which authorized the original carrier to make a contract on behalf of any of them. When the Gulf Railroad answered, it set up specifically that there was no arrangement between that road and the Texas & Pacific Railway which authorized it to make any contract on its behalf, or that it was in any way or sense a party to the through contract of shipment. It averred that the damage was done by the initial carrier and occurred while it was in its custody. When it came to the case, the proof showed very satisfactorily that the damage was done by the first carrier and that the only connection which the Gulf Railroad had with the shipment was to hook on the car at Texline, haul it to Trinidad where it was side tracked at the request of the consignees, pick it up again when it had been partially unloaded, haul it to Pueblo and deliver it. The railroad company also showed that from the time it took the car at Texline to the time of its delivery at Pueblo the stuff was not handled or transferred; that it was hauled on schedule time from Texline to Trinidad and from Trinidad to Pueblo. This proof fully and completely rebutted any presumption of negligence on the part of that company and affirmatively established the fact that so far as it was con-

cerned it discharged its duty as a carrier to the consignees and was in no manner liable for the damage unless this road is to be charged on the basis of a through contract of affreightment to which it was a party. The railroad company showed that there was no agreement or contract between the Texas & Pacific Railway and it, which gave the Texas & Pacific Railway authority to bind it by contract, or whereby the several roads in any sense or form were associated and therefore liable for whatever agreement the other parties to the association might make. In the condition of the record and the proof, it is manifest that the general question as to the responsibility of various roads which form parts of a through line is in no manner raised. As presented it seems to have been determined by the supreme court of the United States. 2 Rorer on Railroads, p. 1257 ; 3 Wood on Railroads, chap. 28, § 452 *a*, p. 1925 ; *Railway Co. v. Manufacturing Co.*, 16 Wall. 318 ; *Insurance Co. v. Railroad Co.*, 104 U. S. 146 ; *Knott v. Raleigh & Gaston Ry. Co.*, 32 American and English Railroad Cases (N. C.), 481 ; *Myrick v. Michigan Central Ry. Co.*, 107 U. S. 102.

In the last case that distinguished court speaking by Justice Field, states the rule to be : "That each road, confining itself to its common-law liability, is only bound, in the absence of a special contract, to safely carry over its own route and safely to deliver to the next connecting carrier, but any one of the companies may agree that over the whole route its liability shall extend. In the absence of a special agreement to that effect, such liability will not attach, and the agreement will not be inferred from doubtful expressions or loose language, but only from clear and satisfactory evidence." This principle thus clearly, concisely and well put by Mr. Justice Field would perhaps be strictly applicable if the suit had been brought against the Texas & Pacific Railway Company and the proof had shown that the damage had occurred on the Denver & Gulf and it was sought to hold the Texas & Pacific liable for that damage because it had made a contract of through affreightment. Manifestly, with much

stronger force it must apply when the suit is against the Denver & Gulf Railway Company, which was not the original shipper and which made no contract with the consignees, and the object of the action is to recover the damage which was caused by the Texas & Pacific Railway prior to the time the Gulf received the goods and undertook their carriage. In the latter case it must be true that to entitle the plaintiff to hold the Denver & Gulf Railway there must be proof of some agreement of association or copartnership, or the proof of the existence of some agency exercised by the Texas & Pacific Railway under the authority of the Denver & Gulf Railroad whereby the Texas & Pacific Railway could make a contract to bind the other road. As we view the case, there is neither allegation in the complaint nor proof in the record which shows any contract of association or copartnership or any appointment of the Texas & Pacific Railway as an agent, or the adoption of its acts in such manner as to bind the Denver & Gulf Railroad, and therefore, nothing in the record on which its liability can be predicated.

The court below held the Denver & Gulf Railway liable on this proof, and its judgment therefore is clearly erroneous and must be reversed.

*Reversed.*